# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

DESIGN BASICS, LLC,

    Plaintiff,

v.

HENDERLONG HOMES LLC;
HENDERLONG CONSTRUCTION, INC.;
CP PARTNERS, LLC; F & H PROPERTIES
II, INC; and DK HOMES, LLC,

    Defendant.

CAUSE NO.: 2-16-CV-324-TLS

## OPINION AND ORDER

This matter is before the Court on the Defendant's, DK Homes (DK), Motion to Dismiss Involuntarily [ECF No. 92] pursuant to Federal Rule of Civil Procedure 41(b). For the reasons stated below, the Court DENIES the Defendant's Motion.

## BACKGROUND

The Plaintiff, Design Basics LLC, filed a Complaint [ECF No. 1] against numerous Defendants, including DK, on July 9, 2016. The Plaintiff alleges that DK infringed upon its copyrights to certain house plans. On September 6, 2018, the Plaintiff filed a Joint Motion to Dismiss [ECF No. 87] its claims against the Defendants and noted that DK objected. DK argued in its Opposition to the Joint Motion to Dismiss without Prejudice [ECF No. 88] that it did not agree to a dismissal without prejudice and that it should be dismissed with prejudice. (Def. DK's Resp. in Opp. to Mot. to Dismiss at 2.) The Court subsequently granted, in part, the Joint Motion to Dismiss and dismissed with prejudice Defendants Henderlong Homes LLC, Henderlong

Construction, Inc., CP Partners LLC, and F&H Properties II, Inc., [ECF No. 91]. The Court noted DK's objection and withheld ruling. (*Id*.)

On December 13, 2018, DK filed a Motion to Dismiss Involuntarily pursuant to Federal Rule of Civil Procedure 41(b) [ECF No. 92]. On January 10, 2019, the Plaintiff filed a response [ECF No. 95] and on January 15, 2019, DK filed a reply [ECF No. 96]. The matter is now ripe for review.

**LEGAL STANDARD**

Rule 41(b) allows a court to dismiss an action, upon motion, "if the plaintiff fails to prosecute or to comply with these rules or a court order." *Id*. Before the district court imposes a Rule 41(b) dismissal, it must consider five factors: 1) whether the wrongdoer (or her counsel) received "due warning" that such a sanction was a possibility; 2) the frequency and magnitude of the wrongdoer's failure to comply with deadlines and other court orders; 3) the efficacy of less severe sanctions; 4) whether the misconduct prejudiced the other party or other litigants on the court's docket; and 5) the likely merits of the wrongdoer's case. *Graham v. Schomaker*, 215 F.3d 1329 (7th Cir. 2000).

In ruling on a Rule 41(b) motion, the court must take an unbiased view of all the evidence, direct and circumstantial, and accord it such weight as the court believes it is entitled to receive." *Sanders v. Gen. Servs. Admin.,* 707 F.2d 969, 971 (7th Cir. 1983) (citing *Patterson v. Gen. Motors Corp.,* 631 F.2d 476, 487 (7th Cir. 1980), *cert. denied,* 451 U.S. 914 (1981)); *accord, Lee Tool & Mould, Ltd. v. Fort Wayne Pools, Inc.,* 791 F.2d 605, 610 n.7 (7th Cir. 1986). A Rule 41(b) dismissal is a "drastic remedy," *O'Rourke Bros., Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 953 (7th Cir. 2000) and a "harsh sanction" that should "be employed only as a last resort." *Rice v. City of Chicago.*, 333 F.3d 780, 786 (7th Cir. 2003).

**ANALYSIS**

DK argues that dismissal with prejudice pursuant to Rule 41(b) is appropriate as: (i) the matter has been pending for over two years and the parties have completed discovery; (ii) the Plaintiff has excessively delayed the case and demonstrated a lack of diligence; and (iii) the Plaintiff's explanation for seeking dismissal without prejudice is insufficient. The Plaintiff contends that DK's Motion is procedurally frivolous and that there is no basis to dismiss the case pursuant to Rule 41(b). The Plaintiff also requests that the Court order the Defendant to pay the Plaintiff's fees incurred in responding to its Motion.

**A. Warning Sanction was Possibility**

The Defendant admits that the Court did not warn the Plaintiff that a dismissal was imminent. (Def.'s Mot. for Involuntary Dismissal at 2–3.) The Defendant argues that the Plaintiff had constructive warning that dismissal could occur because it filed a Joint Motion to Dismiss in regard to the other parties. (*Id.*) The Defendant is correct that the Court does not need to provide an explicit warning regarding dismissal. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006). The Defendant does present a colorable argument that the Plaintiff was warned that dismissal was imminent. An explicit warning from the Court that a plaintiff's case may be dismissed for failure to prosecute is not required, particularly when this notice comes from another party. *See Martinez v. Cty. Of Porter, Indiana*, No. 2:15-CV-35, 2016 WL 6996045, at *2 (N.D. Ind. Nov. 30, 2016). This factor, however, is not solely dispositive and the Court must consider other relevant factors. *Ball v. City of Chicago*, 2 F.3d at 759–60 (7th Cir. 1993).

**B. Frequency and Magnitude of Failures to Comply with Deadlines**

The Defendant argues that the Plaintiff failed to comply with Court's orders in its failure to file Court-ordered joint status reports or dismissals. (Def.'s Mot for Involuntary Dismissal at 4.) The Defendant states that the Court directed the parties to file a Joint Status Report or dismissal papers on or before September 9, 2018, none of which were filed. (*Id*.) The Defendant also states that the Court ordered a telephonic status conference for September 12, 2018 that would be vacated if a joint status report or dismissal papers were filed before that date. (*Id.* at 3.) The Defendant states that no such papers were filed and the Plaintiff instead filed a Joint Motion to Dismiss that misrepresented the Defendant's position. (*Id*.) The Plaintiff argues that the Defendant only points to a single instance in which the Plaintiff failed to file a Joint Status Report and notes that the Defendant also failed to file a report. (Pl.'s Resp. in Opp. at 4.) The Plaintiff contends that this does not constitute sanctionable conduct under Rule 41(b).

A court should consider the frequency and magnitude of the plaintiff's noncompliance with deadlines in evaluating a motion pursuant to Rule 41(b). *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). Multiple missed deadlines are sufficient to warrant dismissal. *Malone v. Securitas Sec. Servs. USA, Inc.*, 669 Fed. App'x. 788, 789 (7th Cir. 2016). There is no indication here, however, that the Plaintiff has repeatedly missed deadlines. Rather, the Defendant only points to a singular instance in which a deadline was missed. Therefore, the Court does not find that the Plaintiff's actions represent a "clear record of delay" or "contumacious conduct." *Maynard* v. *Nygren*, 332 F.3d 467 (7th Cir. 2003) *overruled on other grounds by Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772 (7th Cir. 2016).

## C. Misconduct Prejudiced Other Party or Other Litigants

The Defendant states that the Plaintiff prejudiced it because: (i) its failure to comply with deadlines resulted in delays; (ii) the Plaintiff misrepresented the Defendant's position regarding

4

dismissal; and (iii) that the continuing litigation harms the Defendant. (Def.'s Mot. for Involuntary Dismissal at 4.) The Defendant argues that the parties reached "some sort settlement" on April 30, 2018 but it took the Plaintiff over five months to confirm settlement, and then it mispresented the Defendant's position regarding dismissal. (*Id*.) The Plaintiff contends that it never misrepresented the Defendant's position in its Joint Motion to Dismiss. (Pl.'s Resp. at 5.) Additionally, the Plaintiff argues that the continuation of the case does not prejudice the Defendant. The Plaintiff states that the Defendant prevented the Plaintiff from dismissing the lawsuit against it and thus the Defendant cannot attribute the continuation of the case to it. (*Id*.)

The Court has already addressed the Defendant's argument regarding the Plaintiff's alleged missed deadlines. As stated previously, a single instance in which a plaintiff misses a deadline does not establish a "record of delay" and is insufficient standing alone to warrant dismissal pursuant to Rule 41(b). *Maynard*, 332 F.3d at 467–68. Further, the Plaintiff did not misrepresent the Defendant's position in its Joint Motion to Dismiss. The Plaintiff explained that the Defendant objected to the motion and described the confusing correspondence that occurred in attempting to come to a solution. (Joint Mot. to Dismiss at 4.)

The Defendant is correct that prejudice may arise from the mere continued existence of the suit, by tying up a defendant's time and prolonging uncertainty and anxiety. *Martinez*, 2016 WL 6996045, at *2. "Unwarranted prejudice to a defendant from keeping a suit alive is an important consideration in the choice of sanctions for dilatory behavior from the wide menu available to the district judge." *Ball*, 2 F.3d at 759. The Defendant, however, somewhat undercuts its own argument. The Defendant objected and actively prevented the Plaintiff from dismissing it from the case. Any continued legal activity is a consequence of the Defendant's

own actions. Thus, the Court does not find that the Plaintiff committed misconduct that prejudiced the Defendant.

**D. Merits of the Wrongdoers Case**

Finally, the Defendant argues that the case lacks merit. The Defendant states that the Plaintiff has admitted that it does not have evidence to prove its case. (Def.'s Mot. for Involuntary Dismissal at 6.) The Defendant also cites to a Seventh Circuit case, *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093 (7th Cir. 2017), and a case from the Southern District of Indiana, *Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, Case No. 1:16-cv-00726-TWP-DLP, to support its proposition that the Plaintiff could not prevail in a civil suit against DK. (*Id.* at 5.) The Plaintiff argues that the fact other defendants have prevailed on summary judgment in other cases does not necessarily mean that the Defendant would prevail in the present case. (Pl.'s Resp. at 6.) Further, the Plaintiff argues that the fact the Defendant claims to have disposed of relevant documents does not entitle it to judgment with prejudice. (*Id.*)

It is proper for a judge to consider the merits of a suit prior to dismissal. *Beeson v. Smith,* 893 F.2d 930, 931(7th Cir. 1990); *Caribbean Transp. Sys., Inc. v. Autoridad de las Navieras de Puerto Rico,* 901 F.2d 196, 197 (1st Cir. 1990); *Am. Inmate Paralegal Ass'n. v. Cline*, 859 F.2d 59, 61 (8th Cir. 1988) (per curiam); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir. 1985); *Poulis v. State Farm Fire & Cas. Ins. Co.*, 747 F.2d at 868–69 (3d Cir. 1984). "If it appears that the suit is unmeritorious, the inference may arise that the lawyer's dilatory and evasive conduct is designed to force an unjust settlement by imposing cost and uncertainty on the defendant. Furthermore, the less meritorious the suit, the less likely is it that dismissing it will impair the deterrent and compensatory objectives of the law under which the plaintiff was proceeding, by letting a wrongdoer get off scot-free." *Ball*, 2 F.3d at 759.

That other courts have granted summary judgment is not dispositive here. Additionally, the Defendant's claims that it has disposed of all relevant documentation does not necessarily mean that the Plaintiff's action is meritless. Consequently, the Court does not find that the Plaintiff's case is unmeritorious for the purposes of Rule 41(b).

### E. Proportionality of Dismissing a Case Pursuant to 41(b)

To evaluate the proportionality of dismissing a case under this rule, a district judge must assess whether the plaintiff's "neglect in pursuing his case was sufficiently serious to warrant dismissal." *McInnis v. Duncan*, 697 F.3d 661, 664 (7th Cir. 2012). Dismissal pursuant to Rule 41(b) is a harsh sanction and based upon its analysis of the aforementioned factors, the Court finds that the Plaintiff's alleged neglect is insufficient to warrant dismissal. Thus, the Court DENIES the Defendant's Motion to Dismiss pursuant to Rule 41(b).

### F. Defendant's Request for Dismissal with Prejudice

The Defendant requests, as an alternative, that the Court grant the Plaintiff's Motion, but with prejudice. The Court cannot grant this request as it is procedurally improper. The Plaintiff originally moved for a motion to dismiss the Defendant without prejudice and without costs. (Joint Mot. to Dismiss at 1.) Pursuant to Rules 41(a)(1)(A)(ii) and Rule 41(a)(1)(B), the parties seeking dismissal must file a stipulation of dismissal signed by both parties, stating that the case should be dismissed with prejudice. No such stipulation exists here. Therefore, the Court DENIES the Defendant's request for dismissal with prejudice.

### G. Plaintiff's Motion for Fees

In its response to the Defendant's Motion, the Plaintiff requests fees incurred in responding as a sanction because the motion is "procedurally and substantively groundless and

7

frivolous and serves only to multiply proceedings and increase costs." (Pl.'s Resp. at 6.) The Defendant argues that the Plaintiff's request does not comply with N.D. L.R. 7-1, which mandates that motions must be filed separately.

The Defendant is correct that pursuant to N.D. Ind. L.R. 7-1, motions must but filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption. *Id*. The Plaintiff failed to indicate that it planned to move for sanctions in its caption. As such, the Court DENIES the Plaintiff's requests for legal fees as it was improperly requested. If the Plaintiff wishes to request legal fees for its work in responding to the Defendant's Motion, it must do so in a separate motion.

## CONCLUSION

Therefore, the Court:

1. DENIES the Defendant's Motion for Involuntary Dismissal [ECF No. 92];

2. DENIES the Defendant's request to dismiss the parties with prejudice; and

3. DENIES the Plaintiff's Motions for Fees [ECF No. 95].

SO ORDERED on March 11, 2019.

                                                        s/ Theresa L. Springmann
                                                        CHIEF JUDGE THERESA L. SPRINGMANN
                                                        UNITED STATES DISTRICT COURT